# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDREW FARLEY, JR.

        Defendant-Appellant.

UNPUBLISHED
October 31, 2017

No. 331302
Genesee Circuit Court
LC No. 15-037130-FC

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from his conviction of second-degree murder, MCL 750.317, challenging his sentence of 600 to 950 months' imprisonment. We affirm.

Defendant claims that the sentencing court abused its discretion and imposed an unreasonable sentence in departing from the range produced by the sentencing guidelines. We disagree.

The sentencing court properly and explicitly acknowledged the "advisory" nature of the sentencing guidelines. In addition, contrary to defendant's apparent assumption, the key test when reviewing sentences is not whether a sentence departs from or adheres to the guidelines' range but whether the sentence is proportionate to the seriousness of the matter. *People v Steanhouse*, ___ Mich ___; ___ NW2d ___ (2017) (Docket Nos. 152671, 152849, 152871, 152872, 152873, 152946, 152947, & 152948), slip op at 16-17. The sentence was indeed proportionate. At any rate, even if we were to look at the sentence from a "departure" standpoint, the court properly took into consideration information that was not embodied in the guidelines as scored or that was given inadequate weight by the guidelines. See *People v Milbourn*, 435 Mich 630, 657, 659-650; 461 NW2d 1 (1990).

The facts of this case were, quite simply, heinous. Defendant returned from church and he and the victim, who was his wife, argued. He struck her on the head with a flashlight. As she lay on the floor, he exited the room, went into his den and retrieved a knife, and stabbed her multiple times. He then attempted to explode his house by lighting a fire in the fireplace and dismantling a natural gas line. The sentencing court properly recognized the particularly egregious circumstances of this crime, involving not only the assault and murder of defendant's wife, which left a foster child without a mother, but the danger posed by the attempt to blow up the house.

-1-

The court also noted the evidence of premeditation. We disagree with our dissenting colleague's conclusion that because MCL 777.36 mandates that Offense Variable 6 be scored "consistent with the jury verdict," the court was foreclosed from considering evidence of premeditation in formulating a reasonable sentence. Again, the guidelines are merely advisory. See *Steanhouse*, slip op at 10 ("guidelines [are] advisory in all applications"). As such, we will not read a directive to score an offense variable in accordance with the jury verdict as prohibiting a sentencing court from considering information relevant to the variable in question.[1] The court was not imposing a conviction upon defendant for first-degree murder but was exercising its discretion in sentencing, and under all the circumstances of this case, we simply cannot find that the trial court abused its discretion in sentencing. See *id.*, slip op at 14 (discussing the standard of review).[2] The sentence was proportionate to the seriousness of the matter, *id.*, slip op at 18, and therefore did not, contrary to defendant's argument, constitute cruel or unusual punishment.[3]

Affirmed.

/s/ Jane E. Markey
/s/ Patrick M. Meter

---

[1] In enacting MCL 777.36(2)(a), the Legislature was dictating how the sentencing guidelines should be scored; it was not speaking to departures or deviations from the final guidelines range.

[2] We note that MCL 769.34(3) discusses departures for "substantial and compelling reason[s]," and this standard does not embody the current state of the law. See, generally, *People v Steanhouse*, ___ Mich ___; ___ NW2d ___ (2017) (Docket Nos. 152671, 152849, 152871, 152872, 152873, 152946, 152947, & 152948). The standard for departure sentences is "whether the trial court abused its discretion by violating the principle of proportionality . . . ." *Id.*, slip op at 20.

[3] We note that defendant focuses in his appellate brief on a standard from *People v Fields*, 448 Mich 58; 528 NW2d 176 (1995). But this *Fields* standard derives from an interpretation of the phrase "substantial and compelling"—a phrase that is simply not applicable to the present case under recent changes in the case law.